UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUE BRANCHES, LLC and<br>OLUWATOYIN ADERONKE KOLAWOLE, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 13-cv-8355 |
| v. | ) ) | Judge John W. Darrah |
| 21ST CENTURY TECHNOLOGIES LIMITED,<br>OBAOJA NIGERIA LIMITED, and<br>WALE AJISEBUTU, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs True Branches, LLC ("True Branches") and Oluwatoyin Aderonke Kolawole (collectively, "Plaintiffs") filed a Complaint in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, against Defendants 21st Century Technologies Limited ("21st Century"), Obaoja Nigeria Limited ("Obaoja"), and Wale Ajisebutu (collectively, "Defendants"), alleging three causes of action: (I) breach of contract; (II) conversion; and (III) fraud. The case was removed to the Northern District of Illinois for diversity. Defendants move to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6), as well as under the doctrine of *forum non conveniens*. Alternatively, Defendants move to stay the case. For the reasons provided below, this Motion is granted.

## BACKGROUND

True Branches is an Illinois limited liability company that purchases wholesale goods in the United States and ships them to Nigeria for resale, with its principal place of business in North Aurora, Illinois. (Compl. ¶¶ 1, 2, 13.) To facilitate its business, True Branches keeps an office and warehouse in Illinois, as well as an office and warehouse in Nigeria. (Compl. ¶ 12.)

Kolawole is a resident of Illinois and managing member of True Branches. (Compl. ¶¶ 3, 4.) 21st Century and its subsidiary, Obaoja, are both Nigerian companies maintaining their principal places of business in Lagos, Nigeria. (Compl. ¶¶ 5, 6, 7.) Ajisebutu is a resident of Lagos, Nigeria and is the Director of Obaoja and Chairman and CEO of 21st Century. (Compl. ¶ 8.)

In November 2012, Ajisebutu, on behalf of 21st Century, proposed to acquire True Branches. (Compl. ¶ 14.) The parties agreed that 21st Century would pay Kolawole $400,000.00 and make her the CEO of Obaoja, with an eight to ten percent ownership share of Obaoja. (Compl. ¶ 15.)

In or around December 2012, the parties executed an acquisition letter of intent. (Compl. ¶ 16.) Immediately thereafter, True Branches transferred to Obaoja a substantial portion of its assets, including $100,000 of inventory, a database of information related to over 12,000 customers, and various intellectual property. (Compl. ¶ 18.) Additionally, the parties merged their record keeping, banking activities, and cash, and True Branches employees began working for Obaoja. (Compl. ¶¶ 19, 20.) Obaoja was to pay all rents and employee salaries, beginning January 1, 2013. (Compl. ¶24.)

On behalf of Obaoja, Ajisebutu began to contact the customers from True Branches' database, representing Obaoja as a company with offices and warehouses in Illinois and Nigeria. (Compl. ¶¶ 21, 23.) However, Ajisebutu and Obaoja failed to pay any of the $400,000.00 owed to Kolawole, or to reimburse True Branches for $95,513.33 in American employee salaries, $40,500 in Nigerian salaries, or $33,339.00 in rent, all paid by True Branches between January 1, 2013 and July 31, 2013. (Compl. ¶¶ 26-30.)

Kolawole inquired of Ajisebutu multiple times whether he intended to pay the amounts agreed in the acquisition agreement. (Compl. ¶ 33.) In an email dated May 24, 2013, Ajisebutu assured Kolawole that he was not backing out of the acquisition agreement. (Compl. ¶ 34.) Yet, around the same time, Kolawole learned that Ajisebutu had formally registered Obaoja, listing himself and Chineme Onuoha as the only directors. (Compl. ¶ 37.)

Beginning July 15, 2013, the parties initiated informal arbitration, participation in which required Kolawole to travel to Nigeria three times. (Compl. ¶¶ 38, 39.) On August 8, 2013, Ajisebutu made clear his intent to discontinue arbitration and stopped responding to Kolawole's communications. (Compl. ¶¶ 41, 42.)

On September 16, 2013, Plaintiffs filed the instant complaint in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. (Dkt. No. 1.) In or around October 2013, Ajisebutu and Obaoja filed a mirror image suit in the High Court of Lagos State. (Defs.' Mot. to Dismiss, Ex. A, 3.)

## LEGAL STANDARD

The doctrine of *forum non conveniens* "allows a trial court to dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Clerides v. Boeing Co.*, 534 F.3d 623, 627-28 (7th Cir. 2008) (quoting *In re Bridgestone/Firestone, Inc.*, 420 F.3d 702, 703 (7th Cir. 2005)). The trial court is afforded discretion when a chosen forum would cause "oppressiveness and vexation to a defendant" or "affect[] the court's own administrative or legal problems," but should rarely disturb a plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981). Indeed, the defendant bears a heavy burden when attempting to overcome the presumption in favor of plaintiff's choice

of forum, especially when that choice is the plaintiff's home forum. *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007).

Yet, convenience is the goal of *forum non conveniens*, and "[t]he demands of a global economy require that American courts be amenable to permitting litigation that can be handled much more efficiently in foreign forums to be sent to those forums." *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008). Therefore, the court should engage in a two-step inquiry: determining first whether an adequate alternative forum is available and, if so, which forum better serves the private and public interests. *AAR Int'l, Inc. v. Nimelias Enters. S.A.*, 250 F.3d 510, 524 (7th Cir. 2001).

## ANALYSIS

### *Availability and Adequacy*

"An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction." *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 803 (7th Cir. 1997). Defendants assert that they are each amenable to service in the High Court of Lagos, Nigeria, and, in fact, argue that at least Ajisebutu has not been properly served in this jurisdiction. Defendants also contend that, in the related case Ajisebutu and Obaoja have initiated against Plaintiffs in Lagos, Plaintiffs have already been served by lawful substitute service. (Defs.' Mot. to Dismiss at 15; Dkt. No. 13, Ex. A.) Because service over Plaintiffs in a related case has been effected, and given Plaintiffs' concession in its Response, the High Court of Lagos meets the availability requirement.

"An alternative forum is adequate when the parties will not be deprived of all remedies or treated unfairly." *Kamel*, 108 F.3d at 803. Defendants argue that Nigeria's courts are "grounded

4

in British common law, state and federal statutes, and traditional law," providing ample remedies. (Defs.' Mot. to Dismiss at 16.) Plaintiffs concede this but argue that Nigerian courts are "rampant with corruption." (Pls.' Response at 5.) However, the only support Plaintiffs offer for this blanket statement is a series of oaths sworn by four of Plaintiffs' employees in Nigeria, which only mention an enforcement agency, the Special Frauds Unit. Even if the allegations regarding the Special Frauds Unit could be shown to be representative of the Nigerian courts, anecdotal evidence of corruption is insufficient to establish inadequacy. *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enter. Fund*, 589 F.3d 417, 421-22 (7th Cir. 2009) (collecting cases).

*Private Interests*

Given an available, adequate forum, Defendants must next show that the private interests favor dismissal. These interests include: (1) ease of access to sources of proof; (2) the court's ability to compel the attendance of unwilling witnesses; (3) the cost of attendance of willing witnesses; (4) the possibility of viewing the premises, if necessary; (5) the enforceability of judgment, if obtained; and (6) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Clerides*, 534 F.3d at 628.

With respect to sources of proof, Defendants argue that the parties will need to call at least twelve witnesses who reside in Lagos, while Kolawole is the only necessary witness in Illinois, and that the vast majority of documentary evidence (including the bank account at issue in the case, Obaoja's incorporation papers, various inventories) all resides in Lagos. Plaintiffs make the mirror claim: that the necessary papers and witnesses are primarily in Illinois.[1] It

---

[1] Although, unlike Defendants, Plaintiffs do not offer one example of what documentary evidence they might require.

seems likely that at least some witnesses will have to be deposed or travel from Illinois to Lagos, or the reverse. Documents will have to be transported as well. Defendants also argue that a large amount of the inventory at issue is currently in Lagos, but there has been no showing that the parties would require it be brought to either forum. Lastly, neither forum appears to foster ease, expeditiousness, or inexpensiveness. The advantage, if any, is not clear and does not disturb the presumption in favor of Plaintiffs' choice of forum.

Yet, the enforceability of judgment, if obtained, heavily favors dismissal. It is undisputed that a vast amount of inventory is currently in Lagos. (Compl. ¶ 48.) Plaintiffs do not argue with Defendants' contention that a judgment for Plaintiffs in this court would still be subject to litigation in Nigeria. Defendants' mirror image case can resolve the issues presented in this Complaint and can enforce the judgment on the property within Lagos. This fact weighs heavily in favor of dismissal.

*Public Interests*

The important public interests to consider are: (1) court congestion, (2) the local interest in resolving local disputes, (3) whether either forum is more familiar with the law governing the action, (4) the avoidance of unnecessary problems in conflicts of laws or in the application of foreign law, and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. *Clerides*, 534 F.3d at 628.

Neither party has submitted statistics regarding the ordinary time necessary to resolve this type of case in Nigerian Courts. However, Defendants have asserted that the related case pending in Lagos is on the Fast Track Calendar, which requires resolution within nine months. Plaintiffs concede this point, but argue that, despite its place on the Fast Track Calendar,

Plaintiffs' motion to dismiss the Nigerian case has been pending for four months. This fact does suggest a low likelihood of the case being resolved within nine months; yet, it also demonstrates that Plaintiffs' own motion is at least partially responsible for any delay. The related case's placement on the Fast Track Calendar weighs slightly in favor of dismissal.

The local interest in resolving local disputes is not served merely by Plaintiffs' citizenship. "[G]iven the ever-expanding realm of international commerce, many courts have somewhat discounted a plaintiff's United States citizenship when that plaintiff is an American corporation with extensive foreign business and it brings an action for an injury occurring in a foreign country." *Kamel*, 108 F.3d at 804. Plaintiffs are engaged in exporting goods to Nigeria for resale. Naturally, a large proportion of the actions alleged to constitute breach occurred in Nigeria. Moreover, all of the alleged conversion of inventory occurred in Nigeria. In contrast, Plaintiffs offer only that their ability to fulfill certain financial obligations has been limited by the harms suffered as a result of Defendants' alleged breach. Nigeria's local interest is substantial and favors dismissal.

Federal courts sitting in diversity apply the choice of law principles of the forum state. *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir. 2006). Illinois employs the most significant contacts test in contract claims, and the most significant relationship test in tort claims. *Safeco Ins. Co. v. Jelen*, 886 N.E.2d 555, 580 (Ill. App. Ct. 2008). With respect to the contract claim, Defendants argue that the contract was negotiated in Nigeria, signed by 21st Century in Nigeria, and required performance largely in Nigeria by businesses incorporated and existing in Nigeria. With respect to the tort claims, Defendants argue that the inventory was allegedly converted entirely within Nigeria and that the alleged fraud occurred at meetings held

in Nigeria.  Plaintiffs are silent regarding choice of law and, therefore, concede that Nigerian law will govern the dispute.  As a result, the public interest factors of familiarity with and application of foreign law weigh heavily in favor of dismissal.

The Nigerian forum is found to be adequate and available, and the private and public interest factors are found to weigh heavily in favor of dismissal.  Therefore, dismissal is appropriate under the doctrine of *forum non conveniens*.  All remaining grounds for dismissal or stay are moot.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [13] is granted; and this action is dismissed.

Date:     June 17, 2014                    _____
                                           JOHN W. DARRAH
                                           United States District Court Judge